IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN - 2 2022

MITCHELL R. ELFERS
CLERK OF COURT

RUBEN ESCANO,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Civil Case No.: 22-cv-421-SMV

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Ruben Escano, undersigned, and for his causes of action against the Defendant states and alleges as follows:

### Nature of the Case

1. This civil action is brought forth in accordance with the common law theory of trespass to chattels to recover damages for an incessant blitz of hundreds of unsolicited telemarketing calls and text messages that Defendant John Doe has triggered to Plaintiff's cell phone, and which continue to this day.

2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff.

### The Parties

3. Plaintiff RUBEN ESCANO is an individual person and resident of Silver City, New Mexico, with a mailing address of 2311 Ranch Club Road, #2-180, Silver City, New Mexico 88061.

4. Defendant JOHN DOE (hereinafter "Defendant") is an individual person whose true identity is not yet known to Plaintiff but who is responsible for the causes of action alleged herein.

5. Plaintiff intends to serve Rule 45 subpoenas to uncover the identity of Defendant.

## Jury Demand

6. A trial by jury on all claims is hereby demanded.

## Jurisdiction

7. Plaintiff is a citizen of New Mexico and was in New Mexico at the time a preponderance of the communications described herein were received.

8. Defendant is a citizen of a State other than New Mexico.

9. Pursuant to 28 U.S. Code § 1332(a)(1), jurisdiction is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there exists complete diversity of citizenship.

10. Pursuant to 28 U.S. Code § 1391(b)(2), venue is proper because Defendant relied on and availed himself of the telecommunications infrastructure of New Mexico when triggering the communications described herein.

11. Pursuant to 28 U.S. Code § 1391(b)(2), venue is proper because the chattel in question is located within this district and was located within this district during a preponderance of the causes of action alleged herein.

12. Pursuant to 28 U.S. Code § 1391(b)(2), venue is proper because Defendant knew or should have known that his actions alleged herein would result in the transmission of calls and texts messages which would reach Plaintiff in New Mexico.

## Causes of Action

### Introduction

13. Beginning on or around January 4, 2019 and continuing to about this day, Defendant has entered Plaintiff's phone number on dozens of websites to purposely trigger nuisance phone calls and text messages to Plaintiff's cell phone.

14. The websites include those of various vehicle service plan ("VSP") providers. VSPs are sometimes called "extended vehicle warranties." Other websites at issue here also include those belonging to lead generators. These lead generators automatically and seamlessly forward leads to VSP providers who then call a telephone subscriber who the VSP provider believes has requested a call.

15. Some of the phone calls Plaintiff has received immediately connect with a live representative calling from a VSP provider.

16. When Plaintiff inquires as to why he has been called, the phone representatives inform Plaintiff that someone entered Plaintiff's phone number on their respective company's online lead form. Thus, the phone representatives are under the impression that Plaintiff requested a phone call regarding VSPs.

17. And yet other phone calls do not connect to any live representative but rather transmit only dead air.

### Concrete Injury

18. Defendant's communications to Plaintiff caused him concrete injuries in fact.

19. Defendant's communications caused a partial depletion of the charge of Plaintiff's cell phone's battery, a partial depletion of the lifespan of the LED backlight of the phone's display, and unwarranted wear and tear for at least both of those components.

20. Defendant's communications to Plaintiff, aggravated him, disrupted his days, deprived him of the use and enjoyment of his cell phone, and required him to divert attention away from his work and personal life to tend to and answer such unwarranted intrusions of his time.

21. Accordingly, Defendant's communications to Plaintiff were repeated invasions of his privacy.

### Trespass to Chattels in Telemarketing Jurisprudence

22. This Court has previously found that unsolicited calls, like the kinds alleged here, constitute a trespass to chattel. *See Mohon v. Nat'l Congress of Employers Inc.*, 19-cv-652, 2020 WL 1332376, at *13 (D.N.M. Mar. 23, 2020); *Mestas v. CHW Grp.*, 508 F. Supp. 3d 1011, 1031–32 (D.N.M. Dec. 16, 2020).

### Exemplar Phone Call

23. On or around March 11, 2021, Defendant queried an online search engine to find online lead forms with which to harass Plaintiff.

24. One lead form Defendant found was that maintained by a lead generation company called "Consumer Affairs."

25. Defendant entered Plaintiff's name, phone number, and other personally identifiable information into Consumer Affairs' online lead form.

26. Defendant did so with the intent to trigger a telemarketing call to Plaintiff.

27. Defendant's entry of Plaintiff's phone number did indeed trigger a telemarketing call to Plaintiff. Specifically, Consumer Affairs forwarded the lead generated from its online lead form to a VSP provider called "Protect My Car," who then called Plaintiff under the impression Plaintiff had requested a call.

28. Defendant continued this action on various websites, and continues to do so to about this day.

29. Defendant obtained Plaintiff's personally identifiable information from data brokers, departments of motor vehicles, or other sources.

## COUNT I
### Trespass to Chattel

30. All preceding paragraphs are hereby incorporated by reference.

31. Defendant's calls and text messages to Plaintiff substantially interfered with, and disturbed, the use and enjoyment of his cell phone.

32. Defendant knew, or should have known, that such calls and text messages to Plaintiff's phone, would result in such interference and disturbance to the use of such personal property.

33. Defendant's actions were the proximate cause of such trespass.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. damages of $1,000,000 in accordance with the common law theory of trespass to chattels;

B. for punitive damages;

C. for an injunction ordering Defendant to cease entering Plaintiff's phone number onto online lead forms;

D. for Plaintiff's reasonable and necessary attorney's fees and costs;

E. for pre and post-judgment interest;

F. and for all other relief to which Plaintiff is justly entitled under New Mexico or Federal law.

Dated this 1st day of June, 2022.

                                                Respectfully submitted,

By: _____

**Ruben Escano,** *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938



UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

FROM:

---

**UNITED STATES POSTAL SERVICE** — **Click-N-Ship®**



P

usps.com
$8.95
US POSTAGE
Flat Rate Env

9405 5036 9930 0262 9310 97 0089 5000 0018 8001

**U.S. POSTAGE PAID**
Click-N-Ship®

06/01/2022         Mailed from 88061

### PRIORITY MAIL 1-DAY™

RUBEN ESCANO
2311 RANCH CLUB RD STE 2-180
SILVER CITY NM 88061-7807

Expected Delivery Date: 06/02/22

**0006**

SCREEN...
JUN 02 2022   C022



UNITED STATES DISTRICT COURT
100 N CHURCH ST
CIVIL COURT CLERK
LAS CRUCES NM 88001-3572

---

**USPS TRACKING #**



9405 5036 9930 0262 9310 97

Electronic Rate Approved #038555749

