IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUBEN ESCANO,**

    **Plaintiff,**

**v.**                                                                                                         **No. 22-cv-0421 SMV**

**JOHN DOE,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court Plaintiff's Complaint [Doc. 1], filed on June 2, 2022; Plaintiff's Motion for Leave to Take Limited Discovery Prior to the Rule 26(f) Conference [Doc. 3], filed June 2, 2022; Plaintiff's Motion for Leave to File Electronically as a Pro Se Party [Doc. 2], filed June 2, 2022; and Plaintiff's Motion to end 28 U.S.C. § 1915 Review [Doc. 8], filed on June 15, 2022.  The Court will order Plaintiff to show cause no later than **July 7, 2022**, why this action should not be dismissed for lack of subject-matter jurisdiction.  No discovery will be permitted at this time.  The Court will allow Plaintiff to file electronically.  Section 1915 review will proceed.

<u>Plaintiff must show cause why this action<br>should not be dismissed for lack of jurisdiction.</u>

Plaintiff brings a claim for trespass to chattels arising from an "incessant blitz of hundreds of unsolicited telemarketing calls and text messages . . . to Plaintiff's cell phone, which continue to this day." *Id.* at 1.  Plaintiff invokes this Court's diversity jurisdiction. *Id.* at 2.  However, the allegations in the Complaint fail to show the citizenship of the John Doe Defendant.

1

The Complaint gives no indication about how Plaintiff might discover Defendant's identity or citizenship. The John Doe Defendant could be nearly anyone in the world. The most specific allegation is that the John Doe Defendant entered Plaintiff's phone number on dozens of unidentified websites that offer extended vehicle warranties or sales leads (which then triggered the unsolicited calls to Plaintiff). *Id.* at 3. Plaintiff's conclusory assertion that the John Doe Defendant is a "citizen of a State other than New Mexico" is not enough under these circumstances. *Id.* at 2. *See McBride v. Doe*, 71 F. App'x 788, 789–90 (10th Cir. 2003) (affirming dismissal where the pro se plaintiff failed to alleged sufficient facts to support diversity jurisdiction). The Court is mindful of its duty to construe the allegations of pro se litigants liberally, but Plaintiff's filings lack even the most minimal assertions required to establish jurisdiction in federal court. Unless Plaintiff has some other factual allegations that he can add *in good faith*, dismissal is warranted despite his pro se status. Plaintiff must show cause no later than **July 7, 2022**, why this action should not be dismissed for lack of subject-matter jurisdiction.

<u>Plaintiff's requests for Rule 45 subpoenas will be denied at this time.</u>

Plaintiff also moves for discovery to figure out the identity of the John Doe Defendant. [Doc. 3]. Plaintiff requests that the Court issue subpoenas under Fed. R. Civ. P. 45 to "vehicle service plan providers [i.e., extended vehicle warranty providers], [sales-]lead generators, search engine providers, telephone-gateway service providers, internet service providers ('ISPs'), privacy services, and other entities identified as having been utilized by Defendant in his/her years-long scheme of harassment against Plaintiff." [Doc. 3] at 1; *see* [Doc. 6] (proposed subpoenas). Plaintiff hopes to discover Defendant's IP address, other identifying information, and ultimately Defendant's identity through these subpoenas. [Doc. 3] at 4.

Plaintiff argues that federal district courts routinely grant expedited discovery to assist plaintiffs in identifying John Doe Defendants, and he cites six unpublished orders from the Eastern District of Virginia and one from the Northern District of California to support his argument. [Doc. 3] at 3 (citing *Fox News Network, LLC v. xofnews.com*, No. 1:20-CV-0149 AJT/MSN, [Doc. 7] (E.D. Va. Mar. 12, 2020); *Assef v. Does 1–11*, No. 15-CV-1960, 2015 WL 3430241, at *1 (N.D. Cal. May 28, 2015); *Montblanc-Simplo GmbH v. Doe*, No. 1:17-CV-0415, [Doc. 15] (E.D. Va. Apr. 15, 2017); *Flying Nurses v. Flyingnurse.com*, No. 1:17-CV-0168, [Doc. 16] (E.D. Va. Mar. 21, 2017); *Cell Film Holdings, LLC v. Does*, No. 3:16-CV-0749, [Doc. 8], 2016 WL 7494319, at *5 (E.D. Va. Dec. 30, 2016); *LHF Prods., Inc. v. Does*, No. 3:16-CV-0748, 2016 WL 7422657, at *5 (E.D. Va. Dec. 22, 2016); *Hard Drive Prods., Inc. v. Does l-30*, No. 2:11-CV-0345, 2011 WL 2634166, at *2 (E.D. Va. July 1, 2011)). However, all of those cases are trademark, copyright, or brought pursuant to another federal law. In other words, the federal district courts had original jurisdiction over all those cases. None was a diversity case. Subject-matter jurisdiction was not in doubt. Those cases are also distinguishable from this case because in those cases, the plaintiffs had discrete and cabined discovery requests. Whereas here, the scope of Plaintiff's requested discovery is almost limitless. The Court cannot authorize such expansive discovery, especially where it is not evident that it has subject-matter jurisdiction over the case at all.

<u>Plaintiff will be granted leave to file electronically.</u>

Plaintiff seeks leave to file electronically in this case and states that he "has already successfully registered a CM/ECF account." [Doc. 2] at 2–3. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of

3

New Mexico (November 2019) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account").  The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Procedure manuals and other information can be obtained on the Court's website at https://www.nmd.uscourts.gov/filing-information.

Section 1915 review will proceed.

Plaintiff requests that the Court end the 28 U.S.C. § 1915 review "so that pending motions . . . can be reviewed without further delay or expending further precious resources of the Court" on the grounds that: (i) Plaintiff is not a prisoner; (ii) Plaintiff is not seeking redress from a government official; and (iii) Plaintiff is not proceeding in forma pauperis and has paid all filing fees.  [Doc. 8] at 2.

The Court may dismiss sua sponte a complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 or Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous[;] fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief"); *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss

sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile").

Moreover, this Court has inherent power to manage its docket and, thus, to review pro se filings for jurisdiction and frivolousness. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2002) ("federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). Plaintiff's request to end the review will be denied. Any delay resulting from the review will be minimal.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff show cause in writing no later than **July 7, 2022**, why this action should not be dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Take Limited Discovery Prior to the Rule 26(f) Conference [Doc. 3] be **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Electronically as a Pro Se Party [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to end § 1915 Review [Doc. 8] be **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**