IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RUBEN ESCANO,**

    **Plaintiff,**

v.                                                                      No. 2:22-cv-00421-KWR-SMV

**JOHN DOE,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Response to the Magistrate Judge's Order to Show Cause [Doc. 12], filed on June 17, 2022, and on Plaintiff's Renewed Motion for Leave to Take Limited Discovery Prior to the Rule 26(f) Conference [Doc. 14], filed on July 3, 2022. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). This action will be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. No subpoena will issue.

Plaintiff, a citizen of New Mexico, brings a claim for trespass to chattels arising from an "incessant blitz of hundreds of unsolicited telemarketing calls and text messages . . . to Plaintiff's cell phone, which continue to this day." [Doc. 1] at 1. Although Plaintiff cannot identify Defendant, he nevertheless invokes this Court's diversity jurisdiction. *Id.* at 2. The Complaint describes the John Doe Defendant exclusively in terms of his alleged wrongdoing to Plaintiff. The Complaint does not identify Defendant in any other way. The John Doe Defendant could be nearly anyone in the world. The most specific allegation was that the John Doe Defendant entered

1

Plaintiff's phone number on dozens of unidentified websites that offer extended vehicle warranties or sales leads (which then triggered the unsolicited calls to Plaintiff). *Id.* at 3. The magistrate judge found that Plaintiff's conclusory assertion that the John Doe Defendant was a "citizen of a State other than New Mexico" was not enough under these circumstances. [Doc. 10] at 2 (citing *McBride v. Doe*, 71 F. App'x 788, 789–90 (10th Cir. 2003) (affirming dismissal where the pro se plaintiff failed to alleged sufficient facts to support diversity jurisdiction)). He ordered Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction. [Doc. 10].

Plaintiff timely responded representing that the John Doe Defendant was a citizen of New Jersey and, thus, diverse. [Doc. 12]. Plaintiff represented that in 2019, in connection with another lawsuit (also arising from unwanted telephone calls), an adverse attorney provided Plaintiff with a certain record showing that in January of 2019, "someone had entered Plaintiff's phone number [on an extended car warranty] sales-lead generator[ called] www.autosaveclub.net." *Id.* at 2–3. The record contained the internet protocol ("IP") address from which Plaintiff's phone number had been entered. *Id.* at 3. Plaintiff represents that in 2019, he utilized a "Trace Route command . . . to discover that the IP address resolved to a computer located somewhere in the State of New Jersey." *Id.* Plaintiff represents that, more recently, the IP address had "resolv[ed] to a computer located in New York." *Id.* at 4 n.3. Further, Plaintiff represents that the IP address is owned by an internet service provider, Cablevision/Optimum Online, that provides service in New Jersey, New York, and other states but not in New Mexico. *Id.* at 4.

These allegations, even if true, are not enough to show that Defendant's citizenship is diverse from Plaintiff's. The Court follows Plaintiff's rationale, but these allegations are simply not enough to establish diversity jurisdiction. *See generally McBride*, 71 F. App'x at 789–90

2

(affirming dismissal where the pro se plaintiff alleged that the Doe Defendant had been a volunteer with the Big Brothers Big Sisters charity and had "moved out of state," and holding that such allegations "lack[ed] even the most minimal assertions required to establish [diversity] jurisdiction in federal court").

Further, the discovery Plaintiff requests will not remedy the jurisdictional shortcoming. Plaintiff seeks Rule 45 subpoenas aimed at a plethora of unidentified non-parties: "vehicle service plan ('VSP') providers [i.e., extended vehicle-warranty providers], [sales-]lead generators, search engine providers, telephone-gateway service providers, internet service providers ('ISPs'), privacy services, and other entities identified as having been utilized by Defendant in his/her years-long scheme of harassment against Plaintiff." [Doc. 14] at 1. Plaintiff hopes to:

> follow the trail back to Defendant on three avenues of investigation: (i) subpoenaing the VSP providers who have called Plaintiff, and serving follow-on subpoenas; (ii) subpoenaing the telecommunication companies assigned the phone numbers from which Plaintiff was called, and serving follow-on subpoenas and (iii) subpoenaing entities who are in possession of Plaintiff's own personally identifiable information who may have shared such information with Defendant, and serving follow-on subpoenas.

*Id.* at 7–8.

Plaintiff argues that federal district courts routinely grant expedited discovery to assist plaintiffs in identifying John Doe defendants, and he cites six unpublished orders from the Eastern District of Virginia and one from the Northern District of California to support his argument. *Id.* at 3–4 (citing *Fox News Network, LLC v. xofnews.com*, No. 1:20-CV-0149 AJT/MSN, [Doc. 7] (E.D. Va. Mar. 12, 2020); *Assef v. Does 1–11*, No. 15-CV-1960, 2015 WL 3430241, at *1 (N.D. Cal. May 28, 2015); *Montblanc-Simplo GmbH v. Doe*, No. 1:17-CV-0415, [Doc. 15] (E.D. Va. Apr. 15, 2017); *Flying Nurses v. Flyingnurse.com*, No. 1:17-CV-0168, [Doc. 16] (E.D. Va.

Mar. 21, 2017); *Cell Film Holdings, LLC v. Does*, No. 3:16-CV-0749, [Doc. 8], 2016 WL 7494319, at *5 (E.D. Va. Dec. 30, 2016); *LHF Prods., Inc. v. Does*, No. 3:16-CV-0748, 2016 WL 7422657, at *5 (E.D. Va. Dec. 22, 2016); *Hard Drive Prods., Inc. v. Does l-30*, No. 2:11-CV-0345, 2011 WL 2634166, at *2 (E.D. Va. July 1, 2011)).  However, all of those cases are trademark, copyright, or brought pursuant to another federal law.  In other words, the federal district courts had original jurisdiction over all those cases.  None was a diversity case.  Subject-matter jurisdiction was not in doubt.  Those cases are also distinguishable from this case because in those cases, the plaintiffs had discrete and cabined discovery requests.  Whereas here, the scope of Plaintiff's requested discovery is extraordinarily broad.  The Court cannot authorize such expansive discovery, especially where it is not evident that it has subject-matter jurisdiction over the case at all.

Moreover, a request for jurisdictional discovery should be denied "where there is only a 'low probability' that additional discovery would lead to facts sufficient to support jurisdiction." *Thaxton v. GEICO Advantage Ins. Co.*, No. 18-cv-0306 KWR/KK, 2022 WL 562264, at *5 (D.N.M. Feb. 24, 2022) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).  Hence, the party seeking jurisdictional discovery must show that it has "more than a hunch that [the requested discovery] might yield jurisdictionally relevant facts." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010).  Without such a showing, "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants" jurisdictional discovery.  *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1234 (10th Cir. 2020) (holding that the requestor had not shown prejudice where it argued only that

unspecified discovery "would likely aid" in establishing the court's personal jurisdiction over the defendant). Here, Plaintiff's allegations amount to a hunch. The proposed discovery amounts to an impermissible fishing expedition and will not be permitted. *See Blank v. Doe*, 4:18-cv-0780 JAR, 2019 U.S. Dist. LEXIS 6982 (E.D. Miss. Jan. 15, 2019) (dismissing for lack of subject-matter jurisdiction and denying the request Rule 45 subpoenas where the plaintiff was attempting to sue two anonymous posters on a blog for libel even though the plaintiff had obtained their IP address, which suggested they were located in another state).

**IT IS ORDERED, ADJUDGED, AND DECREED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Leave to Take Limited Discovery Prior to the Rule 26(f) Conference [Doc. 14] be **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**